CLERK'S COPY

**FILED**
AT ALBUQUERQUE NM

JUN 1 4 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM V. LANGLEY,

    Defendant.

No. CV-00-0550 BB/LFG
CR-98-176 BB

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (the "motion") filed April 14, 2000. Rule 4(b) Governing Section 2255 Proceedings.

Defendant's motion is barred under the one-year period of limitations in § 2255. The docket indicates that Defendant did not appeal his criminal conviction or sentence. His conviction thus became final when judgment was entered December 10, 1998, or forty days later in late January 1999. *United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000) ("[conviction] could also become final when . . . the time for an appeal expires."); *United States v. Robbins*, 179 F.3d 1268, 1270 (10th Cir. 1999). The motion was filed April 14, 2000, more than one year after the conviction became final and is not timely.

Furthermore, the motion makes no allegation implicating the statutory provisions which allow restarting the limitation period after a conviction becomes final. The statute provides:

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.



28 U.S.C. § 2255. Defendant does not allege an impediment to his motion was removed, a new right was recognized, or new facts were discovered. He claims only that the calculation of his offense level was incorrect and his attorney's performance was deficient. Defendant has had abundant time to file his motion, and he is not entitled to relief. Rule 4(b). The motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed April 14, 2000, is DISMISSED with prejudice, and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE